FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 29 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHERYL A. MANDELL,                    Case No. 3:10-CV-00280-RCJ-RAM

        Plaintiff,

vs.                                   **ORDER**

WASHOE COUNTY ASSESSORS; WASHOE
COUNTY TREASURERS,

        Defendants.
_____/

This matter came before the Court at a hearing conducted on November 15, 2010, before the Honorable Robert C. Jones, United States District Court Judge. The hearing was precipitated by Defendants Washoe County Assessor's and the Washoe County Treasurer's July 22, 2010 "Motion to Dismiss, or in the alternative, Motion for Summary Judgment," (Docket 11) to which Plaintiff Cheryl A. Mandell responded, in writing, on August 30, 2010 (Docket 16) and on September 29, 2010 (Docket 17).

**I.   The Plaintiff's Cause of Action**

The Plaintiff filed her "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," (Docket 7) in this action, naming

the Washoe County Assessor and the Washoe County Treasurer as the sole defendants. From the language of the Plaintiff's Complaint, it appeared that she was of the belief that the Defendants had violated her constitutional rights in the performance of their duties with respect to real estate assessments and property tax collections. In particular, the Plaintiff's action revolved around payments made in connection with residential property located at 3410-4th Street, in Sparks, Nevada, which was sold through foreclosure.

## II. The Defendants' Response

In response to the Plaintiff's Complaint, the Defendants defended by contending that the Plaintiff had failed to state a claim upon which relief could be granted. (Docket 11). The Defendants' position was based in the belief that the Plaintiff had sued entities not capable of being sued, that the Plaintiff had failed to include individual capacity claims, that the Plaintiff had failed to assert official capacity claims and that, because of the failure to state a claim upon which relief could be granted, that the Court should decline jurisdiction over any supplemental state law claims. The Plaintiff responded with a detailed listing of expenses she incurred. (Docket 18).

## III. The legal standard associated with a failure to state a claim upon which relief could be granted

A motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6) will only be granted if it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996). The court's review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996) It is generally true that a motion to dismiss should not go beyond the complaint; however, the Court can take judicial notice of other court actions without converting a motion to dismiss into a motion for summary judgment. FRE 201; *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Id.*, at 1403. Nor do courts assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618 (9th Cir. 1981). Dismissal for failure to state a claim is proper only if it is beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle plaintiff to relief. *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir. 2000).

While allegations of a pro se complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

### IV. The legal standard associated with a motion for summary judgment

Further, a motion to dismiss can be converted into a motion for summary judgment if matters outside the pleadings are presented and not excluded by the court. FRCP 12(d).

FRCP 56(c) provides that a court must enter summary judgment when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FRCP 56(c).

The moving parties bear the burden of informing the court of the basis for their motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A genuine issue of material fact exists only where 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Dribeck Importers, Inc. v. G. Heileman Brewing Co., Inc.*, 883 F.2d 569, 573 (7th Cir.1989) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A material fact is one that may affect the outcome of the action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence, and reasonable inferences that may be drawn from it, must be viewed in the light most favorable to the non-moving party. *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001).

Once the moving party has met its burden, the nonmoving party "must do more than simply show that there is some

metaphysical doubt as to the material facts." "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' ... 'by conclusory allegations' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir.1994); *Davis v. Chevron*, 14 F.3d 1082, 1086 (5th Cir.1994). Rather, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita, supra*, 475 U.S. at 584 (*quoting* Fed. R. Civ. P. 56(e)).

Furthermore, summary judgment may be granted, despite the presence of some factual disputes, if resolution of those disputes could not change the final result. *See also* Brunet, Redish, & Reiter, Summary Judgment: Federal Law and Practice § 6.04 (2d ed.2000).

**V.   The pleadings and hearing before the court**

In response to the Defendants' "Motion to Dismiss or in the alternative, Motion for Summary Judgment," the Plaintiff provided no arguments in response to the arguments presented by the Defendants. In Court on November 15, 2010, the Defendant indicated her belief in her continuing an ownership interest in the property in question in this case and her belief that she had continued to pay ad valorem property taxes on the property. The Plaintiff concurred with the Court's statement that a property owner such as the Plaintiff is obligated to pay

1 property taxes on that property.

2 **VI. Order**

3 Good cause appearing, and based upon Plaintiff's own admissions, the Plaintiff's "Civil Rights Complaint Pursuant to 42 U.S.C. sec. 1983" (Docket 7) is dismissed, with prejudice. Each party shall bear their own costs and fees associated with this matter.

Dated this 29th day of November, 2010.

_____
U.S. DISTRICT JUDGE